Breitel, J.
(dissenting). There is no dispute in this court as to the purport or effect of an equalization rate. There is disagreement as to the effect of the stipulation between the attorneys for the parties made at the opening of the hearing before the Referee. There is also disagreement as to the excessiveness of the assessments and the basis upon which the assessors’ expert supported his opinion of value.
The taxpayers purchased the residential property in question in 1959 for $85,000. The residence building is now 38 years old. The tax years involved are 1961 to 1964 inclusive. The property has been assessed for $110,500 by the village and for $105,500 by the town. The record does not disclose what were the assessments before the taxpayers purchased the property but it is reasonable to suppose that they were considerably less.
The parties stipulated on the record on February 7, 1963 at a preliminary meeting with the Referee that the equalization rate in the town and village for 1961 and 1962 was 52%, At the opening of the hearing, over a year later, on April 1, 1964, the colloquies to which the majority opinion refers occurred and it was evident that the effect of the February stipulation was in doubt. What is important, and indeed ought to be conclusive, is that the colloquies and off-the-record discussions ended in the taxpayers’ attorney being assured that it was not *599 necessary for him to [prove] and [produce] the several parcels that would be the rate that would be effective as of this proceeding.” No such proof was thereafter offered at the testimonial hearing which proceeded to take place, a matter of grave prejudice to the taxpayers.
As for the requirements of section 720 of the Eeal Property Tax Law, in each of the petitions seeking review of the assessment, the taxpayers alleged that the inequality existed generally throughout the assessment rolls and that petitioners “ specify, as instances of such inequality, all the other real properties assessed upon the same assessment rolls.” Moreover, section 720 only requires such specification in a statement filed before the taking of testimony. The stipulations in question were made before any testimony was taken and, as the dissenters here and the Appellate Division unanimously considered it, the stipulation dispensed with the need of proof. Undoubtedly, the stipulation was sought by the taxpayers’ attorney for that reason. There was no serious problem in proving the equalization rate. Consequently, it was established that there was inequality among the relevant assessments in the district if the taxpayers’ property was assessed at more than 52% of full value.
On the issue of value the expert for the assessors testified that the whole property was worth $150,000 in 1961, $155,000 in 1962, and $160,000 in 1963 and 1964. However, on cross-examinatian this expert testified that these values were based on the land’s being unimproved and available for profitable subdivision into three separate lots. He then testified further that the separate lot which had the residence on it would lose one third its value, and with the building would be worth $95,000, two years after the purchase of the whole property in 1959 for $85,000. At one point the expert even testified that the one lot (which he said was worth about $30,000) was worth but $95,000 with the building on it, although immediately before he had answered that the building alone was worth $91,910, after depreciation. Coupled with the stipulated fact of inequality of assessments in the taxing district (as distinguished from the undisputed fact as to the equalization rate, namely, the ratio of assessment to full value), the assessment was excessive, even on this expert’s testimony and is not supported. Hence, the double finding by the Appellate Division that the stipulation *600 fixed the equalization ratios applicable to the assessments under review and that the assessments were excessive.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Chief Judge Fold and Judges Scileppi and Keating concur with Judge Bergan; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Van Voorhis and Burke concur.
Order reversed, with costs, and judgment of Special Term reinstated.